United States District Court
Southern District of Texas
**ENTERED**
March 14, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES A. MEEKS, III, TDCJ #543366, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-18-3431 |
| LORIE DAVIS, et al., | § § § | |
| Defendants. | § § | |

# **MEMORANDUM AND ORDER**

Plaintiff James A. Meeks, III (TDCJ #543366) is presently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). While incarcerated at the Estelle Unit in Huntsville, Meeks filed a civil rights complaint under 42 U.S.C. § 1983 against TDCJ Director Lorie Davis, Warden G. Vaughn, and the State Classification Committee, alleging that his assignment to the Estelle Unit violated a consent decree entered in *Cole v. Collier*, Civil No. H-14-1698 (S.D. Tex.). Meeks has filed a motion for appointment of counsel and a motion for leave to submit additional grievances as evidence in support of his complaint [Docs. # 7, # 8]. He has also filed a motion for injunctive relief in the form of a transfer away from the Estelle Unit [Doc. # 9].

Because Meeks is a prisoner who proceeds *in forma pauperis,* the Court is required to scrutinize the pleadings and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings and the applicable law, the Court concludes that this case must be **DISMISSED** for the reasons that follow.

I. **BACKGROUND**

In *Cole v. Collier*, Civil No. H-14-1698 (S.D. Tex.), the district court certified a class action of TDCJ inmates assigned to the Pack Unit in Navasota, with subclasses for inmates who were disabled or had medical conditions making them sensitive to extreme heat during the summer. On June 8, 2018, the district court approved a class-wide settlement agreement reached by the parties and entered a consent decree.[1] The terms of the consent decree require cooling of the air or air-conditioned housing areas at the Pack Unit during periods of extreme heat.[2] The terms of the consent decree continue to apply to class members who are involuntarily transferred to other units for medical or security reasons, requiring TDCJ to house

---

[1] *See* Final Order and Judgment Approving Class Action Settlement and Attorneys' Fees [Doc. # 1188] in *Cole v. Collier*, Civil No. H-14-1698 (S.D. Tex. June 8, 2018).
[2] *See id*. at 5.

2

them in air-conditioned or air-cooled environments with heat indices at or below 88 degrees Fahrenheit at any other prison operated by TDCJ.[3]

Meeks identifies himself as a member of the *Cole* class action who is entitled to benefit from the consent decree [Doc. # 1, at 6]. Meeks reports that he was transferred from the LeBlank Unit in Beaumont, which is climate controlled, to the Estelle Unit to receive occupational therapy at the Regional Medical Facility on August 23, 2018, in violation of the terms of the *Cole* consent decree because he was exposed to heat in excess of 88 degrees Fahrenheit while at the Estelle Unit facility [*Id*. at 11-13]. Invoking 42 U.S.C. § 1983, Meeks seeks compensatory damages and injunctive relief for TDCJ's violation of the consent decree [*Id*. at 21-22].

## II. **DISCUSSION**

As an initial matter, Meeks advised the Court on November 9, 2018, that he has been transferred from the Estelle Unit to the Ramsey Unit, which is located in Rosharon [Doc. # 10]. Because Meeks has been transferred from the Estelle Unit, his motion for injunctive relief in the form of a unit transfer [Doc. # 9] is moot. *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002); *see also Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer rendered moot his claims for injunctive relief). Meeks does not otherwise

---

[3] *See id*.

state a claim for which relief is available under 42 U.S.C. § 1983.

Section 1983 provides a private right of action for damages to individuals who have been deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. 42 U.S.C. § 1983. To establish a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.").

The only claim asserted by Meeks is that the defendants failed to house him in air-conditioned or cooled conditions in compliance with the *Cole* consent decree. It is not clear that Meeks is a *Cole* class member or that a violation of the consent decree has occurred.[4] Assuming that a violation occurred, the Fifth Circuit has made clear that remedial court orders such as the one entered in *Cole* "cannot serve as a

---

[4] *See* Amended Memorandum and Order [Doc. # 1698, at 8-9] in *Cole v. Collier*, Civil No. H-14-1698 (S.D. Tex. May 7, 2018) (denying Meeks' Motion for Intervention [Doc. # 1085] in the *Cole* class action).

4

substantive basis for a § 1983 claim for damages because such orders do not create 'rights, privileges, or immunities secured by the Constitution and laws.'" *Green v. McCaskle*, 788 F.2d 1116, 1123 (5th Cir. 1986) (quoting 42 U.S.C. § 1983)). Thus, to the extent that Meeks complains that he was housed in violation of the consent decree entered in *Cole*, he fails to state a claim for which relief can be granted under 42 U.S.C. § 1983. *See Green*, 788 F.2d at 1124 (concluding that violations of a remedial decree, standing alone, cannot serve as the basis for § 1983 liability); *Haines v. Thaler*, 388 F. App'x 415, 416 (5th Cir. 2010) (observing that violations of a remedial decree, "without more, are not cognizable in a 42 U.S.C. § 1983 action").

To the extent that the complaint could be construed to assert a constitutional violation of the Eighth Amendment, Meeks still does not state a viable claim. Although Meeks asserts that he was exposed to heat in excess of 88 degrees Fahrenheit while he was assigned to the Estelle Unit between August 23, 2018, and November 9, 2018, Meeks does not allege that he suffered any ill effects as a result of these conditions [Doc. # 1, at 7-15, 22-30]. Under these circumstances, Meeks cannot recover monetary damages and fails to otherwise state an actionable claim under the Eighth Amendment. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of

physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)"); *see also Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992) (holding that an Eighth Amendment conditions-of-confinement claim requires harm that is more than *de minimis*). For this additional reason, the complaint will be dismissed.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The motions filed by the plaintiff, James A. Meeks, III (TDCJ #543366) for appointment of counsel, for leave to submit additional evidence, and for injunctive relief [Docs. # 7, # 8, # 9] are **DENIED**.

2. The complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

The Clerk will provide a copy of this order to the parties of record. The Clerk will also provide a copy of this order to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: 512-936-2159; and (2) the Manager of the Three Strikes List at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas on March 14, 2019.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE